Wanamaker, J.,
concurring. I heartily approve the judgment, but I as heartily disapprove some of the grounds of the judgment.
The second paragraph of the syllabus reads:
“Where one is a trespasser on an auto-truck, which has been committed to an employe by the owner for operation in the owner’s business, and the trespasser is injured by the wanton and wilful conduct of the employe while in the course and within the scope of his employment and while aware of a perilous position of the trespasser, the owner is responsible.”
The controlling facts upon which this paragraph of the syllabus is based appear in. the opinion as follows:
“The essential facts shown are that the driver of the defendant’s truck, who was accompanied by a helper, was driving westerly in Euclid avenue about 7:30 in the evening. He had made his last de *92 livery and -in obedience to instructions from the company was then taking the truck by direct route to the garage to be. stored for the night. ’At a crossing of the avenue, known as Quarry Track, plaintiff and a companion asked permission to ride, which the driver gave them. This was in violation of the driver’s express instructions. They got on the running board, the plaintiff standing near the driver, on the left side, holding on to the windshield and seat. While in this position the driver increased the speed of the truck to some thirty-five miles an hour. He overtook a touring car ahead of him, which had passed him a short time before, going in the same direction. Without slacking his speed he turned his truck'on to the wrong side, the south side, of the road, directly in the course of and meeting a horse and wagon, which was being driven easterly. The horse and wagon were rightfully and properly near the curb on the south side. The truck struck and crushed the wagon, caught and jammed the boy and seriously injured him. The speed of the truck and its position on the street are conceded to have been in violation of statute and of an ordinance of the city.”
The material part of this quotation is the following:
“At a crossing of the avenue, known as Quarry Track, plaintiff and a companion asked permission to ride, which the driver gave them. This was in violation of the driver’s express instructions.”
This fourteen-year-old boy was gentleman enough to ask permission to ride upon the auto-truck. The driver gave him that permission. The *93 driver was prima facie the owner of the auto-truck, and the boy 'had a perfect right to rely upon that presumption, or at least to rely upon the fact that the driver had authority to give him that permission; after which the boy came upon the truck.
The opinion admits that “the speed of the truck and its position on the street are conceded to have been in violation of statuté and of an ordinance of the city.”
The opinion also concedes that the careless and negligent operation of the truck was the proximate cause of the injury to the boy.
In the name of humanity and justice, I vigorously dissent from any doctrine announced by any court which defines such a state of facts as a trespass upon the part of this boy.
When The Higbee Company placed this auto-truck in charge of its driver it conclusively made the driver its agent, not only in the use but in the abuse of the “right to public safety” on the part of the traveling public either on or off the truck. This boy was upon this truck, not only by permission, but by invitation; true, at his own suggestion, but none the less an invitation. He was in no sense either legally, justically, or humanely a trespasser. Such a construction harks back to the barbarities of mediseval jurisprudence.